UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIRAM MILTON ARMSTEAD,

    Petitioner,　　　　　　　　　　Civil No. 2:20-CV-10650
　　　　　　　　　　　　　　　　　　　　　　HONORABLE NANCY G. EDMUNDS
v.　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

SHERRY BURT,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Chiram Milton Armstead, ("Petitioner"), confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree premeditated murder, first-degree home invasion, and torture. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Armstead*, No. 333434, 2017 WL 4082009 (Mich. Ct. App. Sept. 14, 2017); *reconsideration den*. 2017 WL 4082009 (Mich. Ct. App. Oct. 19, 2017). [1]

Petitioner filed a motion for relief from judgment filed under M.C.R. 6.500, *et. Seq.,* which the trial judge denied. *People v. Armstead,* No. 15-006182-01-FC (Wayne

---

[1] Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected because it was filed beyond the 56 day period for filing such an application. (ECF No. 7-13, PageID. 920).

1

Cty.Cir.Ct., Dec. 17, 2018).    The Michigan appellate courts denied petitioner's post-conviction appeal. *People v. Armstead*, No. 349265 (Mich.Ct.App. Aug. 21, 2019); *reconsideration den.* No. 349265 (Mich.Ct.App. Sep. 21, 2019); *lv. den.* 505 Mich. 977, 937 N.W.2d 635 (2020)

>Petitioner seeks relief on the following grounds:
>
>I. There was insufficient evidence to convict Armstead of first-degree premeditated murder, first-degree home invasion, and torture.
>
>II. Armstead was denied the right to confrontation where an Emergency Medical Services (EMS) report was admitted into evidence without Armstead having an opportunity to cross examine the author.
>
>III. Armstead received ineffective assistance of counsel when defense counsel failed to object to the admission of the EMS report, and defense counsel's failure to request an expert to support the defense theory that EMS negligence in placing the neck brace on the victim caused strangulation.
>
>IV. Armstead received ineffective assistance of appellate counsel because appellate counsel failed to raise meritorious claims on appeal.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed in part as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

Respondent argues that all four of petitioner's claims are procedurally defaulted.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of

2

justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Respondent argues that petitioner's claims are procedurally defaulted because petitioner raised these claims in his post-conviction motion and the trial court rejected the claim because petitioner failed to show good cause, as required by M.C.R. 6.508(D)(3), for failing to raise the claim on his appeal of right.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant post-conviction relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Armstead*, 505 Mich. at 977. The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the

3

defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Armstead*, No. 349265 (Mich.Ct.App. Aug. 21, 2019). These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals. Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

> The trial judge denied petitioner's claims in a lengthy disposition:
>
> "Nevertheless, the defendant's substantive arguments Defendant now submits are procedurally barred, as the claims were not raised on his direct appeal, but this Court shall not impute any error to appellate counsel for his decision to pursue the evidentiary claims he chose to appeal, in lieu of the claims which form the basis of this motion for relief from judgment.
>
> Pursuant to the Michigan Court Rules, upon a prompt examination of the "motion all the files, records, transcripts and correspondence relating to the judgment under attack,…. [i]f it plainly appears from the face of the [aforementioned] materials… that the defendant is not entitled to relief, the court shall deny the motion without directing further proceedings." MCR 6.504(B)(1) & (2).
>
> To prove that counsel's assistance was ineffective, defendant must satisfy a two-part test developed in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." (sic). *People v. Frazier*, 478 Mich. 231, 242, 733 N.W.2d 713, 720 (2007). "Under this test, counsel is presumed effective, and the defendant has the burden to show both that counsel's performance fell below objective standards of reasonableness, and that it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error." *Frazier*, *supra,* at 242. The *Strickland* test presumes that counsel is effective to "eliminate the distorting effects of hindsight." *Strickland, supra* at 689. In the interests of fairness, there is a strong presumption that counsel's action or inaction "might be considered sound trial strategy." *Strickland, supra* at 689. Decisions regarding what evidence to present and whether to call or question

4

> witnesses are presumed to be matters of trial strategy. *People v. Rockey*, 237 Mich. App. 74, 76, 601 N.W.2d 887, 890 (1999)
>
> Defendant is not entitled to relief pursuant to MCR 6.504(B)(1) & (2), and fails to establish his entitlement to relief pursuant to MCR 6.508(D).
>
> MCR 6.508)(D)(3) provides in pertinent part:
>
> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion…(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates (a) good cause for failure to raise such grounds on appeal or in the prior motion, and (b) actual prejudice from the alleged irregularities that support the claim for relief...
>
> *People v. Armstead,* No. 15-006182-01-FC, * 2-4 (Wayne Cty.Cir.Ct., Dec. 17, 2018)(ECF 7-12, PageID. 785-87).

In the present case, the judge clearly procedurally defaulted petitioner based on the provisions of M.C.R. 6.508(D)(3). The judge indicated that petitioner's claims were procedurally barred because he had not raised them on direct appeal. She later cited to M.C.R. 6.508(D)(3) and its rule that post-conviction relief cannot be granted on a claim that could have been raised on appeal unless petitioner could establish cause and prejudice from failing to do so. The judge's language was sufficient to invoke the provisions of M.C.R. 6.508(D)(3) to procedurally default petitioner's claims. *See Reeves v. Campbell,* 708 F. App'x 230, 237–38 (6th Cir. 2017)(State court rested its judgment on procedural default as would bar Sixth Circuit from reviewing petitioner's habeas claim; state habeas court stated that petitioner's double jeopardy claim "could have been raised on appeal or in a prior motion," and cited to Michigan Court rule prohibiting court from giving relief if the defendant's motion alleged grounds for relief that could have been

5

raised on appeal from the conviction and sentence or in prior motion).  Petitioner's claims are procedurally defaulted. [2]

With respect to his post-conviction claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default.   Petitioner, however, has not shown that appellate counsel was ineffective.  It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

---

[2] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette,* 624 F. 3d at 291.  However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

6

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that petitioner raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed a fifteen page appellate brief which raised three claims.[3] Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to

---

[3] *See* Brief on Appeal, ECF No. 7-13, PageID. 844-863.

establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010).

In the present case, petitioner has failed to show cause to excuse his default. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his defaulted claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim (Claim # 1) is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Finally, assuming that petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, petitioner failed to show that his procedurally defaulted claims have any merit. Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

### III. Conclusion

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner's claims are procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

### IV. **ORDER**

IT IS ORDERED that:

(1) the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner is **DENIED** leave to appeal *in forma pauperis.*

        s/ Nancy G. Edmunds
        **HON. NANCY G. EDMUNDS**
        UNITED STATES DISTRICT JUDGE

Dated: January 13, 2021